WILLIAM W. HOYT and wife

*v.*

WILLIAM TUERS et al.

Abraham Tuers died intestate in 1850, seized of lands in Hudson county, and leaving six children and two grandchildren, his heirs-at-law. One of the sons, Abraham A. Tuers, left New Jersey in 1854, leaving his wife and children here, and never returned. For twenty years his family neither saw him nor heard from him, but heard that he was dead. In 1874 they ascertained that he was living in California, and one of his sons, William, saw him there. He died in 1877. In 1862, under proceedings in the orphans court of Hudson county, the lands of Abraham Tuers were partitioned, the heirs-at-law of

Abraham A. Tuers being made parties thereto. On an allegation of his death intestate, and by sundry mesne conveyances thereunder, the defendants claim parts of the premises. In 1871, Abraham A. Tuers executed a conveyance in California in favor of Hoyt, the complainant, of all his property, real and personal, in New Jersey; and in July, 1874, another, conveying, *inter alia*, all his interest &c. as one of the children and heirs-at-law of his father and mother, or either of them; and in August, 1874, another, conveying, by specific metes and bounds, the lands set off to Abraham A. Tuers's heirs-at-law in the partition of 1862. On a bill for a partition, filed by Hoyt, in chancery, against the defendants as part owners of the premises, and also to set aside the partition of 1862, the defendants, by answer, set up that Abraham A. Tuers was, when he made the alleged conveyances to Hoyt, incompetent to make them, by reason of unsoundness of mind, and that they were obtained by fraud.—*Held*, that the complainant's title being denied, the suit would be stayed, to afford the complainant an opportunity to establish the title at law, and that although evidence was adduced in this cause on the subject of the defence to the deeds, the defendants were nevertheless entitled to try the question of the validity of complainant's title at law.

---

Bill for partition. On final hearing on pleadings and proof.

*Mr. John J. King* and *Mr. P. Woodruff*, for complainants.

*Mr. Edward Q. Keasbey*, for Newark Land Company and others.

*Mr. G. W. Hubbell*, for Francis Sipp and others.

THE CHANCELLOR.

The complainants seek to set aside a partition of land in Hudson county, made in the orphans court of that county in 1862, and to partition the property in this court. The wife joins her husband as complainant only in view of her claim of inchoate right of dower in the property to which her husband claims title. The land was owned by Abraham Tuers, who died in 1850 intestate. At his death his heirs-at-law were his six children and two grandchildren, the children of a deceased daughter. In 1862, application was made to the orphans court by his son William for partition of the property. From the order appointing the commissioners, it would seem that in his

petition (it is lost, and no copy of it is produced), the petitioner stated that his brother Abraham (generally known as Abraham A. Tuers) was dead, and had died intestate, and that among his heirs-at-law were two minors, Andrew and Eliza Tuers, two of his children. The property was found capable of being partitioned without great prejudice to the interests of the owners, and was divided accordingly, and the partition confirmed. The persons to whom two of the shares were assigned in the partition, conveyed them to the Newark Land Company, and that company claims them, and also part of another of the shares conveyed to it in like manner. Abraham A. Tuers (son of Abraham) in 1854 left this state, leaving his wife and children here, and never returned to it. He went to California, and remained there up to the time of his death, which occurred in 1877. His son William having heard that he was in California, went there in 1874 and saw him there. William testifies that he neither saw nor heard from his father for twenty-two years after the latter left this state, and that the family had heard that he was dead. In March, 1871, Abraham A. Tuers executed a conveyance in California, in favor of Hoyt, for all his right, title and interest of, in and to all his property, real and personal, in New Jersey, and especially all his claims to the estate of his father and mother, or the estate of either of them. On the 1st of July, 1874, he executed a deed to Hoyt, by which, in consideration of $1,000, as expressed in the deed, he conveyed a tract of land of one hundred and ten acres, or thereabouts, in this state, described in the deed as being situated in Morris county, about six miles from Morristown, and about three miles from Rockaway, and the same land occupied and possessed by the grantor in person, and by his family, and at that time occupied by William Tuers, his son. The deed conveyed, also, all other pieces, parcels, tracts, lots or bodies of land or real estate in New Jersey which he owned, or of, in or to which he had any kind, nature or character of right, title, claim or interest, legal or equitable, whether the same had been acquired by purchase, bequest, devise, descent or otherwise, and also all the interest, right, title, claim and demand which he then had or might thereafter have or be entitled to as one of the chil-

dren and heirs-at-law of his father and mother, or either of them. In August, 1874, he executed another deed to Hoyt, which, after reciting that he had executed and delivered the deed of July preceding, and that it contained no specific or accurate description of any real estate, but did contain general and comprehensive reference to the grantor's real estate in this state, and that he intended thereby to convey to Hoyt the land thereinafter more specifically described and bounded, conveyed to Hoyt, for a nominal consideration, the land set off in the partition as the share of his, the grantor's, heirs-at-law, and nothing more. William M. Tuers testifies that, when he went to California, he reached Sacramento City June 29th, 1874, and left there for home on the 4th of July following. He says that he told Hoyt and Hoyt's lawyer and his father, while he was there, that the partition had taken place. Hoyt alleges that the description of the share was inserted by mistake—that it was supposed to be the description of the whole of the land in Hudson county of which Abraham Tuers, his grantor's father, died seized. The answering defendants object to the bill as being multifarious, inasmuch as it seeks, as they insist, to rectify the alleged mistake in the last-mentioned deed, and also to set aside the partition in the orphans court, and obtain a new one. It is enough to say, on this point, that were the objection well founded, it would, in this case, come too late, since it was made for the first time at the final hearing. It is not well founded, however. The bill does not pray a reformation of the deed. But, without considering any of the other objections made by the answering defendants to a decree for partition, it is sufficient at this stage of the proceedings to say that the complainant's title, which is a legal one, is disputed ; and it is an established rule of this court that where the title of the complainant in a partition suit is disputed (unless it is an equitable one), this court will not settle it on the hearing, but will compel the complainant to establish it at law first, and the bill will be retained until he shall have so established it. The land company, by its answer, expressly denies the validity of the deeds to Hoyt, and avers that the grantor therein was, when they were executed, in-

competent to make them, by reason of unsoundness or feebleness of mind, and that they were obtained by fraud; and other answering defendants, in like manner and by like averments in their answer, assail and deny the validity of Hoyt's title. Those answers contain a direct denial of the complainant's title. It is urged, on behalf of the complainants, that the proof by no means supports those averments, or either of them. But the answering defendants are entitled to the benefit of the application of the rule just stated. They were not required to produce their testimony here on the subject of the invalidity of the title set up by the complainants. The suit will be stayed to afford the complainants an opportunity to establish their title at law.